**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-02199-TUC-JGZ (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Oscar Barreras-Felix, | |
| Defendant. | |

Currently pending before the Court is Defendant Oscar Barreras-Felix's Motion to Compel Disclosure of Relevant Documents (Doc. 16). The Government has filed its response and Defendant replied. Govt.'s Response to Mot. to Compel Discl. of Relevant Docs. (Doc. 22); Def.'s Reply (Doc. 26). Defendant Oscar Barreras-Felix is charged with one (1) count of conspiracy to possess with intent to distribute methamphetamine; one (1) count of possession with intent to distribute methamphetamine; one (1) count of conspiracy to import methamphetamine; and one (1) count of importation of methamphetamine. Indictment (Doc. 7).

On January 8, 2020, oral argument was held before Magistrate Judge Macdonald regarding the motion. Minute Entry 1/8/2020 (Doc. 32). The Court took the matter under advisement. The motion is ripe for adjudication.

**I.  FACTUAL BACKGROUND**

On August 21, 2019, Defendant Berreras-Felix was indicted in this cause of

action. Indictment (Doc. 7). The indictment was based on a methamphetamine seizure that occurred on July 28, 2019. The Complaint (Doc. 1) sets forth the factual background as follows:

> On July 28, 2019, at approximately 12:40 p.m., Oscar BARRERAS-Felix entered the United States from the Republic of Mexico through the DeConcini Port of Entry in Nogales, Arizona. BARRERAS was the driver, sole occupant, and registered owner of a white Dodge Nitro bearing a Mexican license plate. The primary Customs and Border Protection (CBP) officer conducted routine system queries and noticed this was only the second crossing of the vehicle and the previous crossing went north of the I-19 Border Patrol checkpoint. The officer asked BARRERAS when the last time he crossed was and BARRERAS stated, "Eight days ago." The officer then asked BARRERAS what he did when he last crossed. BARRERAS said he went shopping at Wal-Mart and then returned to Mexico. The officer thought this information was inaccurate due to the previous system queries and referred BARRERAS to the secondary inspection area.
>
> The vehicle was x-rayed and officers observed anomalies in the gas tank area. A CBP canine alerted to an odor it had been trained to detect emanating from the gas tank area of the vehicle. In the secondary inspection area, an officer asked BARRERAS to turn off the vehicle and hand over the keys. When the secondary officer asked BARRERAS questions, BARRERAS spoke quickly and gave the officer the impression that he had been practicing what to say. BARRERAS told the officer he was the owner of the vehicle and the only person who drove it. The officer asked BARRERAS to exit the vehicle. When BARRERAS got out, he put his hands behind his back. After doing this and then noticing that he was not being placed in handcuffs, BARRERAS asked the officer if he would be escorted to the waiting area. Officers inspected the vehicle and observed smeared mud on the back-tire walls, inconsistent mud splatters under the vehicle, and tampering with the bolts of the gas tank. When the gas tank was removed, officers found 58 packages wrapped in saran wrap and then wrapped again in a kitchen seal style wrap. A representative sample of the contents of the packages was field tested and yielded positive results for the characteristics of methamphetamine. The packages of methamphetamine weighed 27.08 kilograms.

Upon arrest, Defendant Berreras-Felix exercised his right to remain silent. Def.'s Mot. to Compel (Doc. 16) at 7. Subsequently, Defendant has "consistently denied having

any involvement with a cartel or knowingly transporting drugs." *Id.*

## II. ANALYSIS

Defendant's motion observes that the Government has historically provided testimony by a federal law enforcement agent as a "drug trafficking organization ("DTO") expert" in port of entry importation/possession with intent to distribute cases. Def.'s Mot. to Compel (Doc. 16) at 1. In general, the agents testify that it is extremely uncommon for cartels to use blind mules to transport drugs across the border and that in their experience they do not know of any instances in Arizona. *Id.* at 1–2. Defendant points to the case of *United States v. Estheban Rodriguez* (properly styled *United States v. Martinez-Figueroa,* et al.), Case No. CR-18-0266-TUC-RCC (LAB), which involved the use of blind mules by a drug trafficking organization in Arizona. Def.'s Mot. to Compel (Doc. 16) at 3. The *Estheban Rodriguez* matter was filed on February 13, 2018.

Defendant seeks five (5) areas of disclosure:

1) All federal reports, narratives, memoranda, and statements regarding the blind mule conspiracy in or related to or associated with the case of Estheban Rodriguez;

2) Names and case numbers relating to persons prosecuted for using unknowing couriers;

3) All police reports, narratives, or memoranda in the possession of the Nogales City Police Department or the Santa Cruz County Sheriff's Office regarding the usage of blind mules in Nogales and Santa Cruz County;

4) Names of investigators involved in prosecuting people charged with using unknowing couriers and reports related to those investigations; and

5) All information in the Government's possession regarding the State and/or Federal investigation of unknowing courier cases or individuals using unknowing couriers within the last 10 years in Arizona, regardless of whether the investigation led to an indictment or conviction including information as to whether Federal Law Enforcement in the Nogales, Arizona area has reviewed port of entry drug cases that

occurred during the *Rodriguez* timeframe to determine if any individuals were actually victims of blind mules who ended up pleading guilty or being convicted at trial of knowingly importing drugs into the United States.

Def.'s Mot. to Compel (Doc. 16).

### A. *Legal Standards*

#### 1. *Brady* Material

"[T]he Constitution requires a fair trial, and one essential element of fairness is the prosecution's obligation to turn over exculpatory evidence." *Milke v. Ryan*, 711 F.3d 998, 1002–03 (9th Cir. 2013) (citing *United States v. Bagley*, 473 U.S. 667, 674–75, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985); *Giglio v. United States*, 405 U.S. 150, 153–55, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972); *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)). *Brady* material is evidence favorable to an accused and material to either guilt or punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Collins*, 551 F.3d 914, 923 (9th Cir. 2009). "Any evidence that would tend to call the government's case into doubt is favorable for *Brady* purposes." *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999)). It "includes both exculpatory and impeachment material that is relevant to either guilt or punishment." *Id.* "To be material under *Brady/Giglio* undisclosed information or evidence acquired through that information must be admissible, . . . or capable of being used to impeach a government witness[.]" *United States v. Kohring*, 637 F.3d 895, 903 (9th Cir. 2011) (internal quotations and citations omitted)

#### 2. Federal Rules of Criminal Procedure 16

Rule 16, Federal Rules of Criminal Procedure provides, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense."

Fed. R. Crim. P. 16(a)(1)(E)(i). "Materiality is a necessary prerequisite to discovery." *United States v. USDC, Central Dist. of Cal., Los Angeles, Cal.*, 717 F.2d 478, 480 (9th Cir. 1983) (citations omitted). "Materiality is a 'low threshold; it is satisfied so long as the information . . . would have helped' to prepare a defense. *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (quoting *United States v. Hernandez–Meza*, 720 F.3d 760, 768 (9th Cir. 2013)). However, "[m]ateriality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the disputed evidence would . . enable[] the defendant significantly to alter the quantum of proof in his favor." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991) (citations omitted). "An abstract logical relationship to the issues in the case is not, however, sufficient to force the production of discovery under rule 16." *United States v. George*, 786 F.Supp. 56, 58 (D.D.C. 1992) (quotations and citations omitted). "The documents at issue must play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony or assisting impeachment or rebuttal." *Id.* (quotations and citations omitted).

Additionally, "a written summary of [expert] testimony that the government intends to use . . . during its case-in-chief at trial [must be disclosed upon request.] . . . [This] summary . . . must describe the witness's opinions, the bases and the reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G) (2018). Such disclosures are intended to provide Defendant "with a fair opportunity to test the merit of the expert's testimony through focused cross-examination[.]") *United States v. Mendoza-Paz*, 286 F.3d 1104, 1111 (9th Cir. 2002) (internal quotations and citations omitted).

### B. Category 1—Estheban-Rodriguez Material

Defense counsel is seeking Estheban-Rodriguez disclosure from the case *United States v. Eva Verenize Martinez-Figueroa, et al.*, Case No. CR-18-0266-TUC-RCC (LAB). "Judge Ferraro is currently reviewing more than 16,000 pages of disclosure from

the Estheban-Rodriguez case but has not yet ruled on the motion to compel." Govt.'s Response (Doc. 22) at 3 n.1. The Government highlights several ways in which the modus operandi of the Flores-Enriquez drug trafficking operation differ from what occurred with Mr. Berreras-Felix. At this juncture, however, the Government has not identified a particular individual or agent whom it will call as an expert in drug trafficking operations. Govt.'s Response (Doc. 22) at 10 n.3. At oral argument the Government suggested that an expert witness may not be necessary; however, at the time of its response the Government expressed a clear intent to call an expert in drug trafficking operations. *Id.*

The Court agrees that Rule 16, Federal Rules of Criminal Procedure, "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). There may be, however, *Brady* material or other discoverable documents in the Estheban-Rodriguez/Martinez-Figueroa disclosure that would assist Defendant in developing his blind mule defense in this case or impeaching the yet-to-be-named Government expert contained. As such, the Government should confer with the Estheban-Rodriguez/Martinez-Figueroa prosecutors and review the contents of the Estheban-Rodriguez/Martinez-Figueroa disclosure related to the use of blind mules. If *Brady* material is found, the Government is directed to disclose such material consistent with its ongoing obligations. Government counsel shall also disclose any documents consistent with the disclosure requirements under Rule 16, Federal Rules of Civil Procedure.

### C. Category 2—Names and Case Numbers Relating to Persons Prosecuted for Using Unknowing Couriers.

Defendant's argument consists of the following:

Federal Rule 16(a)(1)(E) provides that, upon the defendant's request, the government must permit the defendant to inspect and copy documents and data if the item is within the government's possession, custody, or control,

and the item is material to preparing the defense. As explained above, Mr. Barreras intends to present the case that he was an unknowing courier, or blind mule. As such, names and case numbers relating to persons prosecuted for using blind mules—which is what Mr. Barreras plans to testify that he was—is material to the preparation of his defense and trial. This information is therefore material and the Court should order that it be disclosed.

Def.'s Mot. to Compel (Doc. 16) at 11. The names and case numbers are part of the public record and therefore not in the exclusive control of the Government. As such, disclosure is not required.

### D. Category 3—Information from Local Authorities

The local authorities were not involved with the arrest or prosecution in this case. Any logical relationship such information could have with this case is abstract and as such is not material. The Court finds disclosure would be inappropriate.

### E. Category 4—Names of Investigators Involved in Prosecuting People Charged with Using Unknowing Couriers and Reports Related to those Investigations

Defendant seeks information regarding "the disclosure of the names of federal agents in Arizona that have investigated blind mule cases." Def.'s Mot. to Compel (Doc. 16) at 12. Any logical relationship such information could have with this case is abstract and therefore not material. The Court finds disclosure would be inappropriate.

### F. Category 5—All information regarding State or Federal Investigations of Unknowing Courier Cases

This request is extremely overbroad and disclosure would not be appropriate.

. . .

. . .

. . .

. . .

. . .

. . .

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant Oscar Barreras-Felix's Motion to Compel Disclosure of Relevant Documents (Doc. 16) is GRANTED in part and DENIED in part. IT IS FURTHER ORDERED that the Government shall review and disclose the Estheban-Rodriguez/Martinez-Figueroa disclosure consistent with this opinion.

Dated this 6th day of March, 2020.

Honorable Bruce G. Macdonald
United States Magistrate Judge